IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN ANDREW COLLEN, #A1063784, ) | CIV. NO. 14-00577 SOM/KSC |
| ) | |
| Plaintiff, ) | ORDER DENYING IN FORMA |
| ) | PAUPERIS REQUEST AND STAYING |
| vs. ) | MOTION FOR APPOINTMENT OF |
| ) | COUNSEL |
| NORMAN YAMAOKA, SCOTT ) | |
| HARRINGTON, CRISTY YOKOYAMA, ) | |
| SEAN ORNELLAS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING IN FORMA PAUPERIS REQUEST AND
STAYING MOTION FOR APPOINTMENT OF COUNSEL**

Before the court is *pro se* Plaintiff John Andrew Collen's request to proceed *in forma pauperis* ("IFP") in this prisoner civil rights action. Plaintiff is incarcerated at the Waiawa Correctional Facility ("WCF") and alleges Defendants violated his rights under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15602 *et seq.*, and the Eighth Amendment. Plaintiff's IFP request is DENIED without prejudice.

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may not proceed without the prepayment of a filing fee or an order granting IFP status. *See* 28 U.S.C. § 1915(a)(1). First, Plaintiff's IFP request is not on a District of Hawaii

application.[1]  Second, while it provides prison certification attesting to the amount in his account on December 1, 2014, it lacks a certified account statement showing the withdrawals and deposits to his account over the previous six months.  *See* 28 U.S.C. § 1915(a)(2).  Finally, it also lacks Plaintiff's signed release for withdrawal of funds from his account.  *See id.;* Local Rule LR99.7.10.  Plaintiff's IFP request is DENIED as incomplete.

Plaintiff must pay the entire filing fee of $400.00, or submit an IFP application on *this* court's IFP application form, including a certified six-month trust account statement showing that he is a pauper within the meaning of the statute, and his signed permission to withdraw funds from his account on or before **January 26, 2015.**  Failure to do so may result in dismissal of this action for failure to prosecute or follow a court order. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Plaintiff is notified that, as a prisoner, he is obligated to pay the entire filing fee for commencing this suit, regardless of whether it is later dismissed.  *See* 28 U.S.C.

---

[1] Plaintiff's IFP request is on a Hawaii Rules of Penal Procedure, Form B, "Request to Proceed Without Paying Filing Fees" application.

§ 1915(b)(1). The Clerk is DIRECTED to send Plaintiff a blank IFP application so he may comply with this Order.

Plaintiff's motion for appointment of counsel is STAYED until the court receives payment or a sufficient District of Hawaii IFP application.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 15, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Collen v. Yamaoka, et al.*, 1:14-00577 SOM/KSC;J:\PSA Draft Ords\SOM\Collen 14-577 SOM (dny ifp, incmp, ct. form, release funds).wpd