IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN ANDREW COLLEN, #A1063784, | )  CIV. NO. 14-00577 SOM/KSC |
| | ) |
| Plaintiff, | )  ORDER DISMISSING COMPLAINT IN |
| | )  PART WITH LEAVE TO AMEND |
| vs. | )  PURSUANT TO 28 U.S.C. |
| | )  §§ 1915(e)(2) & 1915A |
| NORMAN YAMAOKA, SCOTT | ) |
| HARRINGTON, CRISTY YOKOYAMA, | ) |
| SEAN ORNELLAS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e) & 1915A

Before the court is *pro se* Plaintiff John Andrew Collen's prisoner civil rights complaint. Plaintiff is incarcerated at the Waiawa Correctional Facility ("WCF"). He complains that WCF Counselor Norman Yamaoka, Warden Scott Harrington, Chief of Security ("COS") Sean Ornellas, and Case Manager/Counselor Cristy Yokoyama violated his civil rights under the Eighth and Fourteenth Amendments, and the Prison Rape Elimination Act, 42 U.S.C. § 15602 *et seq.* ("PREA"). *See* Compl., Doc. No. 6.

Plaintiff's Complaint is DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A, for failure to state a cognizable claim on which relief may be granted. Plaintiff's claims brought under PREA against all Defendants is DISMISSED WITH PREJUDICE, because amendment is futile. Plaintiff's claims against Harrington, Ornellas, and Yokoyama, brought under the

Eighth and Fourteenth Amendments are DISMISSED with leave to amend. Plaintiff's claim against Yamaoka brought under the Eighth Amendment states a claim and may proceed. Plaintiff is granted leave to amend to correct these deficiencies on or before **March 17, 2015.**

In the alternative, Plaintiff may notify the court in writing on or before **March 17, 2015,** that he will stand on his Eighth Amendment claim against Yamaoka in Count I only, voluntarily dismiss his other claims, in which event the Complaint will be served on Yamaoka, so that only Count I may proceed against Yamaoka.

## I.   BACKGROUND[1]

In Count I, Plaintiff alleges that, on or about June 4, 2014, he was in Yamaoka's office when Yamaoka began rubbing his own nipple, commenting, "[Y]ou know I like that, ooh that feels good." Compl., Doc. No. 6, PageID #21. Plaintiff claims that Yamaoka then instructed him to come closer to sign papers, and then "spanked and grabbed [Plaintiff's] buttocks." *Id.* Plaintiff says he reported this incident to Counselor Yokoyama three weeks later, on or about June 25, 2014, and to the Honolulu Police Department ("HPD") on July 2, 2014. *Id.* Plaintiff

---

[1] For clarity, the court refers to the electronic pagination provided in CM/ECF for all documents filed in this action.

alleges that Yamaoka's actions violated the Eighth Amendment and PREA.

In Count II, Plaintiff alleges that Warden Harrington, COS Ornellas, and Counselor Yokoyama allowed Yamaoka to return to WCF numerous times between June 25 and July 2, 2014, causing Plaintiff emotional distress. *Id.*, PageID #23. Plaintiff asserts that actions by Harrington, Ornellas, and Yokoyama violated the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and PREA. *Id.*

Plaintiff names all Defendants in their individual capacities only and seeks compensatory damages.

## II. <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by prisoners relating to prison conditions or seeking redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory

right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007)

(citation omitted), *vacated and remanded on other grounds*, 556

U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48

(1988); 42 U.S.C. § 1983.

**A.    There is No Private Cause of Action Under PREA**

        Plaintiff alleges that all Defendants violated his

rights under PREA and seeks relief thereunder.  This claim fails

because there is no private cause of action under PREA.

    A private right of action "to enforce federal law must be

created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286

(2001).  The court's task is to "interpret the statute Congress

has passed to determine whether it displays an intent to create

not just a private right but also a private remedy." *Id.*  Absent

specific congressional intent, no private right of action exists.

*See id.* ("[C]ourts may not create [a private cause of action], no

matter how desirable that might be as a policy matter, or how

compatible [it may be] with the statute.").  An individual's

> ability to bring a private right of action
> may be authorized by the explicit statutory
> text or, in some instances, may be implied
> from the statutory text.  However, an implied
> right of action is only authorized when there
> is clear evidence Congress intended such a
> right to be part of the statute.

*Nisqually Indian Tribe v. Gregoire*, 623 F.3d 923, 929 (9th Cir.

2010); *see Gonzaga Univ. v. Doe*, 536, U.S. 273, 286 (2002)

("[W]here the text and structure of a statute provide no

indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action.").

To determine whether a statute authorizes a private right of action, the court first examines the statute's language. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106, 1115 (9th Cir. 2010); *see also Amer. Tel. & Tel. Co. v. M/V Cape Fear*, 967 F.2d 864, 866 (3d Cir. 1992). If the statute does not explicitly create a right of action, a court then determines if one may be implied from "the statute's language, structure, context, and legislative history." *Northstar*, 615 F.3d at 1115.[2]

Congress enacted PREA to address rape in prison by (1) creating a commission to study the issue and recommend national

---

[2] To determine whether a statute implies a private right of action, the court considers whether (1) the plaintiff is "one of the class for whose especial benefit the statute was enacted"; (2) there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one"; (3) it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff"; and (4) the "cause of action [is] one traditionally relegated to state law." *Cort v. Ash*, 422 U.S. 66, 78 (1975). Not every factor carries equal weight:

> The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action. Indeed, the first three factors discussed in *Cort*—the language and focus of the statute, its legislative history, and its purpose—are ones traditionally relied upon in determining legislative intent.

*Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 (1979).

standards to prevent, detect, and respond to prison rape; (2) applying such national standards to state and federal agencies and departments that maintain prisons or detention facilities; and (3) conditioning eligibility for federal grant money on compliance with such standards. 42 U.S.C. §§ 15602, 15605; *see, e.g.*, *Diamond v. Allen*, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) ("PREA was enacted by Congress to address the problem of rape in prison by creating national standards to prevent, detect, and respond to prison rape."); *Holloway v. Dep't of Corr.*, 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013); *Jones v. Schofield*, 2009 WL 902154, at *2 (M.D. Ga. Mar. 30, 2009).

Nothing in PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act. *Amaker v. Fischer*, 2014 WL 4772202, at *14 (W.D. N.Y. Sept. 24, 2014) ("[E]very court to address the issue has determined that PREA cannot support such a cause of action by an inmate."); *see also Edwards v. Peirce*, 2014 WL 4384039, at *7 (E.D.N.C. Sept. 3, 2014) (citing *De'lonta v. Clarke*, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012), *aff'd*, 548 F. App'x 938 (4th Cir. 2013) (*per curiam*)); *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008). Nor does PREA's language, structure, context, or legislative history suggest that Congress intended to create a private remedy for noncompliance with PREA. *See* 42 U.S.C.

§15607(e) (explicitly directing the Attorney General to enforce compliance with PREA); *see also Sandoval*, 532 U.S. at 286 (explaining that absent Congressional intent "to create not just a private right but also a private remedy . . . no private right of action exists.").

Further, although this court has discovered no appellate decisions addressing this issue, district courts nationwide have found that PREA does not create a private cause of action that can be brought by an individual plaintiff. *See, e.g.*, *Simmons v. Solozano*, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014); *Montgomery v. Harper*, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014); *Chapman v. Willis*, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) (same); *Pope v. Or. Dep't of Corr.*, 2012 WL 1866601, at *4 (D. Or. May 22, 2012); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D. Cal., Apr. 25, 2012); *Ball v. Beckworth*, 2011 WL 4375806, at *4 (D. Mont. Aug. 31, 2011), R&R adopted 2011 WL 4382074 (D. Mont. Sept.19, 2011); *Bell v. Cnty. of L.A.*, 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008).

This court concludes there is no legal basis for reading a private cause of action into PREA. Plaintiff's claims, brought as violations of PREA, fail to state a claim for relief and are DISMISSED. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. Leave to amend these claims is futile, and this dismissal is with

prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**B.   Fourteenth Amendment Claims: Due Process**

Plaintiff alleges that Defendants Harrington, Ornellas, and Yokoyama violated the Due Process Clause of the Fourteenth Amendment when they allegedly allowed Yamaoka to enter WCF between June 25 and July 2, 2014, after Plaintiff had reported what he alleges was a sexual assault.

The Due Process Clause protects prisoners from deprivation of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). Among liberty interests arising from state law are liberty interests created by prison regulations, as determined by courts focusing on the nature of the alleged deprivations. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law or prison regulations are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

Plaintiff provides insufficient facts from which the court can plausibly infer that Harrington, Yokoyama, or Ornellas violated his due process rights by "allowing" Yamaoka access to WCF after Plaintiff reported the alleged sexual assault incident. Plaintiff neither provides much detail regarding Yamaoka's alleged access to WCF nor explains how Yamaoka's return violated Plaintiff's due process rights. Plaintiff does not allege that he and Yamaoka had contact when Yamaoka returned to WCF. Rather, Plaintiff simply states that he saw Yamaoka "coming and going to and from his vehicle and moving between different buildings." Compl., Doc. No. 1, PageID #8. Defendants accepted Plaintiff's sexual abuse report and allowed him to file criminal charges with HPD. Plaintiff does not say Defendants interfered with his reporting of the incident. Plaintiff's statements simply suggest that Yamaoka returned to WCF to retrieve his belongings or perhaps to participate in the WCF investigation of Plaintiff's accusations. Further contact between Yamaoka and Plaintiff is not alleged.

These facts do not suggest a due process violation. Plaintiff's due process claims against Harrington, Yokoyama, and Ornellas in Count II are DISMISSED for failure to state a claim, with leave to amend. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.

**C.    Eighth Amendment Claims: Counts I and II**

Plaintiff alleges that all Defendants violated his rights under the Eighth Amendment.  *See* Compl., Counts I and II. The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend VIII.  It requires prison officials to provide inmates with humane conditions of confinement, adequate food, clothing, shelter, sanitation, and medical care, and to take reasonable measures to guarantee inmates' safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985) (holding that safe conditions of confinement include an adequate level of personal security).  To be liable under the Eighth Amendment, a prison official must act with deliberate indifference to an inmate's health or safety. *Farmer*, 511 U.S. at 834.

**1.    Claims Against Yamaoka: Count I**

"Whether a specific act constitutes cruel and unusual punishment is measured by 'the evolving standards of decency that mark the progress of a maturing society.'"  *Wood v. Beauclair*, 692 F.3d 1041, 1045-46 (9th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  In *Wood*, the Ninth Circuit reiterated that sexual harassment or abuse of a prisoner by a correctional officer violates the prisoner's Eighth Amendment rights.  692 F.3d at 1046 (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of

11

terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse.")); *see also Women Prisoners of the Dist. of Columbia Dep't of Corr. v. Dist. of Columbia*, 877 F. Supp. 634, 665 (D.D.C. 1994) ("[U]nsolicited touching of . . . prisoners' [genitalia] by prison employees [is] 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" (quoting *Farmer*, 511 U.S. at 834)), *aff'd in part and vacated in part*, 93 F.3d 910 (D.C. Cir. 1996).

Sexual harassment that includes physical assault violates the Eighth Amendment. *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Nonetheless, not "every malevolent touch by a prison [employee] gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9; *see Watison v. Carter*, 668 F.3d 1108, 1112-14 (9th Cir. 2012) (holding guard who rubbed his thigh against plaintiff's thigh while plaintiff was on toilet, smiled, then left the cell laughing, did not violate the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (affirming summary judgment for defense with respect to Eighth Amendment claim that characterized prison employee's touching of inmate's buttocks for "mere seconds" during "horseplay" unaccompanied by sexual comments as improper sexual advance that "embarrassed" plaintiff).

Other decisions declining to find an Eighth Amendment violation when the alleged sexual harassment involved brief inappropriate contact concerned searches or pat-downs of inmates. *See Smith v. L.A. Cnty.*, 2010 WL 2569232, at *5 (C.D. Cal. 2010) (holding pretrial detainee failed to state due process claim, or unreasonable search claim, based on allegations that guard pulled inmate's boxers to look at his buttocks, inserted his hand between inmate's buttocks, and cupped inmate's genitals during search), *adopted by* 2010 WL 2572570 (C.D. Cal. 2010), *aff'd* 452 F. App'x 768 (9th Cir. 2011); *Osterloth v. Hopwood*, 2006 WL 3337505, at *6-7 (D. Mont. 2006) (same). Plaintiff, however, alleges that Yamaoka made a lewd comment, touched himself in a sexually suggestive manner, then slapped and grabbed Plaintiff's buttocks while they were alone in Yamaoka's office. That is, the alleged harassment or assault in the present case did not occur during a search. This court cannot say, as a matter of law, that Plaintiff fails to state a claim against Yamaoka. This court allows this Eighth Amendment claim against Yamaoka to proceed.

### 2. Claims Against Harrington, Yokoyama, and Ornellas: Count II

By contrast with Plaintiff's Eighth Amendment claim against Yamaoka, Plaintiff's Eighth Amendment claim against Harrington, Yokoyama, and Ornellas is deficient. Nothing in the Complaint suggests that Harrington, Yokoyama, and Ornellas knew of Yamaoka's alleged sexual behavior or alleged proclivities

13

before the alleged sexual assault and, with deliberate indifference to Plaintiff's health and safety, enabled Yamaoka to take any action concerning Plaintiff. Nor do Plaintiff's statements show that Harrington, Yokoyama, and Ornellas acted with deliberate indifference after Plaintiff reported the incident. Plaintiff concedes that HPD was called, and he was was able to press criminal charges against Yamaoka. Plaintiff's allegation that Yamaoka reentered WCF, with no claim that there was further contact between Plaintiff and Yamaoka, does not support an Eighth Amendment claim against Harrington, Yokoyama, or Ornellas. The Eighth Amendment claims against those three Defendants are DISMISSED for failure to state a claim, with leave granted to amend. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.

### IV. <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED IN PART as detailed above, pursuant to 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1). Plaintiff may file an amended complaint on or before **March 17, 2015.** The amended complaint must cure the deficiencies noted above (except for the PREA claim, which is dismissed with prejudice and may not be included in an amended complaint).

An amended complaint generally supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule LR10.3 further requires that an amended complaint be

14

complete in itself without reference to any prior pleading.  The
court will not generally refer to the original pleading to make
an amended complaint complete.  Defendants not named in the
caption and claims dismissed without prejudice that are not
realleged in an amended complaint may be deemed voluntarily
dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th
Cir. 2012) ("[C]laims dismissed with prejudice [need not] be
repled in a[n] amended complaint to preserve them for
appeal. . . . [but] claims [that are] voluntarily dismissed
[are] . . . waived if not repled.").  In an amended complaint,
each claim and the involvement of each Defendant must be
sufficiently alleged.  Plaintiff is further notified that he must
comply with the Federal Rules of Civil Procedure and the Local
Rules for the District of Hawaii if he amends his pleading.

        In the alternative, Plaintiff may elect to stand on his
remaining claim in Count I, that Yamaoka violated the Eighth
Amendment, and the Complaint shall be served as to that portion
of Count I.  If Plaintiff chooses this alternative, he must
NOTIFY the court in writing on or before **March 17, 2015**, of his
decision to voluntarily dismiss his other non-PREA claims and
proceed on this claim only.

### V.  28 U.S.C. § 1915(g)

        If Plaintiff fails to file an amended complaint
correcting the deficiencies in the non-PREA claims identified in

this Order on or before **March 17, 2015**, and does not notify the court that he is standing on his Eighth Amendment claim against Yamaoka in Count I only, this dismissal may later count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

## V. <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

(1)  The Complaint is DISMISSED IN PART for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Specifically, Plaintiff's claims against all Defendants under PREA are DISMISSED WITH PREJUDICE, and no PREA claim may proceed or be reasserted.  Plaintiff's claims in Count II brought under the Eighth and Fourteenth Amendments against Defendants Harrington, Ornellas, and Yokoyama are DISMISSED WITHOUT PREJUDICE, with leave granted to amend those claims as noted in this Order.  Plaintiff's Claims in Count I under the Eighth Amendment against Yamaoka state a claim and may proceed.

(2)  Plaintiff may file an amended complaint curing the non-PREA deficiencies noted above on or before **March 17, 2015.** Failure to timely amend the Complaint and cure its non-PREA pleading deficiencies may result in **DISMISSAL** of this action for failure to state a claim, and may be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3)  In the alternative, Plaintiff may NOTIFY the court in writing on or before **March 17, 2015**, that he elects to stand on his claims brought under the Eighth Amendment against Yamaoka in Count I, and voluntarily dismisses his other non-PREA claims.  If Plaintiff chooses this option, his claims under the Eighth Amendment in Count I will be ordered served on Yamaoka.

(4)  The Clerk of Court is directed to mail Plaintiff a form prisoner civil rights complaint so he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2015.



_/s/ Susan Oki Mollway_
Susan Oki Mollway
Chief United States District Judge

_Collen v. Yamaoka, et al._, 1:14-cv-00577 SOM; PSAs, Scrng 2015 Collen 14-577 som (dsm PREA); J:\PSA Draft Ords\SOM\Collen, 14-577 som (PREA dsm lv amd.).wpd

17